# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **VALENTINE COMMUNICATIONS, LLC** | |
| **Plaintiff,** | **Civil Action No. 2:17-cv-00754** |
| **v.** | |
| **INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ iii

TABLE OF EXHIBITS ................................................................................... v

INTRODUCTION ......................................................................................... 1

STATEMENT OF FACTS ............................................................................. 2

I.     THE HOLIDAY INN EXPRESS & SUITES IN MARSHALL, TEXAS IS
      A THIRD-PARTY LICENSEE OF A SEPARATE CORPORATE ENTITY.....3

II.    IHGR DOES NOT MAKE, USE, SELL, OFFER FOR SALE, OR IMPORT
      THE IHG MOBILE APP. ......................................................................3

III.   THE IHG MOBILE APP IS DESIGNED, DEVELOPED, AND
      MANAGED IN GEORGIA. ..................................................................4

ARGUMENT ................................................................................................ 4

I.     VALENTINE'S COMPLAINT SHOULD BE DISMISSED FOR
      IMPROPER VENUE. ..........................................................................4

      A.  IHGR does not reside in this District. ...........................................6

      B.  Valentine has not alleged that IHGR has a regular and established
          place of business in this District. ..................................................6

          1.  Venue is improper as to IHGR because the hotel licensing the
             Holiday Inn Express & Suites brand name is not IHGR. ........................6

          2.  Valentine has not established that IHGR has committed an act of
             infringement in this District. ...................................................7

II.    IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO
      THE NORTHERN DISTRICT OF GEORGIA UNDER § 1404(A)...................8

      A.  This case could have been brought in the Northern District of
          Georgia. ...................................................................................10

      B.  The private interest factors favor transfer to the Northern District of
          Georgia. ...................................................................................10

          1.  The relative ease of access to sources of proof favors transfer. ..............10

          2.  The cost of attendance for witnesses favors transfer. ............................11

          3.  The availability of compulsory process is neutral. ...............................12

4.  The judicial economy factor is neutral....................................................12

C.  The public interest favors transfer to the Northern District of
Georgia.............................................................................................................12

1.  The Northern District of Georgia has a local interest in this case. .........12

2.  The remaining public interest factors are neutral. .................................13

CONCLUSION............................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Acoustic Tech., Inc. v. Silver Spring Networks, Inc.*,
No. 2:16-cv-831-JRG-RSP, 2017 WL 1133338 (E.D. Tex. Mar. 27,
2017) ...................................................................................................................8

*ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*,
261 F.R.D. 112 (E.D. Tex. 2009)........................................................................4

*Blue Spike, LLC v. Caterpillar, Inc.*,
No. 6:16-cv-01361, 2017 WL 4129321 (E.D. Tex. Sept. 19, 2017)...........................6

*Deep Green Wireless LLC v. Ooma, Inc.*,
No. 2:16-cv-0604-JRG-RSP, 2017 WL 679643 (E.D. Tex. Feb. 21,
2017) ...................................................................................................................9

*Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*,
No. 3:17-cv-01076, 2017 WL 6505793 (N.D. Tex. Nov. 17, 2017) ...........................4

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947)...........................................................................................12

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017)............................................................................4

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)......................................................................9, 13

*In re Hoffman-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)..........................................................................12

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) .......................................................................10, 12

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) .....................................................................8, 9, 11

*Intelligent Automation Design, LLC v. Zimmer Biomet Holdings, Inc.*,
No. 5:16-cv-11, 2016 WL 4424967 (E.D. Tex. July 21, 2016) ................................12

*MAZ Encryption Techs., LLC v. Apricorn, Inc.*,
No. 6:15-cv-979, 2016 WL 7626179 (E.D. Tex. Apr. 21, 2016) ..............................11

*Oyster Optics, LLC v. Coriant Am. Inc.*,
No. 2:16-v-1302, 2017 WL 4225202 (E.D. Tex. Sept. 22, 2017) .............................10

*Realtime Data, LLC v. Fujitsu Am., Inc.*,
  No. 6:16-cv-1035, 2017 WL 772699 (E.D. Tex. Feb. 28, 2017)..........................10, 13

*Soverain IP, LLC v. AT&T, Inc.*,
  No. 2:17-cv-293, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017) ............................4, 6

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
  No. 2:17-cv-86, 2017 WL 4324841 (E.D. Va. Sept. 28, 2017) ...................................6

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
  137 S. Ct. 1514 (2017)....................................................................................4, 5

*Thompson v. Morgan*,
  698 F. App'x 169 (5th Cir. 2017) ........................................................................5, 7

RULES

Federal Rule of Civil Procedure 12(b)(3) ....................................................................1, 4

STATUTES

28 U.S.C. § 1400(b) ................................................................................................ passim

28 U.S.C. § 1404(a) ...............................................................................................1, 8, 10

28 U.S.C. § 1406(a) ..............................................................................................1, 4, 5, 8

## TABLE OF EXHIBITS

**Exhibit A**:     Declaration of Leslie Charles Cahill III in support of Defendant's Motion to Dismiss, or in Alternative, Motion for Transfer (signed April 2, 2018) ("Cahill Decl.")

**Exhibit B**:     Declaration of Michael C. Deane in support of Defendant's Motion to Dismiss, or in Alternative, Motion for Transfer (signed April 2, 2018) ("Deane Decl.")

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), Defendant InterContinental Hotels Group Resources, Inc. ("IHGR") respectfully moves the Court to dismiss for improper venue the Complaint of Plaintiff Valentine Communications, LLC ("Valentine").

Under the patent venue statute, 28 U.S.C. § 1400, Valentine must allege facts showing that IHGR either (i) resides in this District, or (ii) has a regular and established place of business and has committed acts of infringement in this District. Valentine's Complaint does neither.

The only named defendant, IHGR, is a Delaware corporation with a principal place of business in Atlanta, Georgia. IHGR, therefore, does not reside in this District, and the first prong of § 1400(b) is not met.

To satisfy the second prong of § 1400(b), Valentine must show that IHGR both has a regular and established place of business *and* has committed acts of infringement in this District. On the first issue, Valentine, points only to a third-party hotel in Marshall, Texas, that entered into a licensee agreement with one of IHGR's corporate relatives to use the Holiday Inn Express & Suites brand name. But IHGR does not manage, own, operate, lease, license, interact with, or have anything to do with that third-party hotel. Instead, IHGR is a legally and formally separate corporate entity. On the second issue, IHGR does not own, operate, provide support for, finance, or have anything to do with the accused IHG Mobile App. Thus, even if Valentine were correct (it is not) that the mobile application infringes Valentine's patents (it does not), none of the allegedly infringing activities were actually committed by IHGR.

Alternatively, should the Court find that venue over IHGR exists in this District, this case should be transferred to the Northern District of Georgia under 28 U.S.C. § 1404(a). IHGR and Six Continents—the parent company that develops the accused mobile app—are both located in

Georgia, and both sides' relevant witnesses are located in either Georgia or Florida. That all factors either favor transfer or are neutral shows that this case belongs in Georgia, not Texas.

In sum, for the reasons more fully set forth below, Valentine has not and cannot establish venue over IHGR. Thus, the Court should grant IHGR's motion and dismiss Valentine's Complaint for improper venue or, alternatively, transfer this case to the Northern District of Georgia.

## STATEMENT OF FACTS

This case started when Valentine alleged that a non-existent entity, Inter-Continental Hotels Group, Inc., infringed two of its patents (Compl., Dkt. No. 1). Around two weeks later, once Valentine recognized its mistake, it amended its complaint to name IHGR as a Defendant (Am. Compl., Dkt. No. 7). In its nine-page Amended Complaint, Valentine generally alleged that venue is proper in this District because "[o]n information and belief, Defendant has transacted business in this district, has committed acts of patent infringement in this district, and has at least one regular place of business in this district, *e.g.*, Holiday Inn Express & Suites, 500 I-20, Marshall, TX 75672" (Am. Compl. ¶ 5).

Elsewhere in its Amended Complaint, Valentine alleged that "[u]pon information and belief, [the] Defendant has been and is now infringing [the asserted patents] in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale products or services through the Accused Instrumentality" (Am. Compl. ¶ 19).

The Complaint contains no other allegations or alleged facts purporting to establish venue in this District.

## I.      The Holiday Inn Express & Suites in Marshall, Texas is a third-party licensee of a separate corporate entity.

Through the affidavit IHGR has submitted as Exhibit A, IHGR has established as false the above "facts" that Valentine alleged "on information and belief." Opposite Valentine's Amended Complaint, IHGR has nothing to do with the identified Marshall, Texas, hotel that uses the Holiday Inn Express & Suites brand name. IHGR is a subsidiary of Six Continents Hotels, Inc. ("Six Continents") (Exh. A, Cahill Decl. ¶ 3). Among other subsidiaries, Six Continents also owns Holiday Hospitality Franchising, LLC, which is the company that licenses the "Holiday Inn Express & Suites" brand name to physical hotels, such as the hotel located in Marshall (*id.* ¶¶ 4– 6). Neither Six Continents nor Holiday Hospitality Franchising, LLC owns or operates that hotel (*id.* ¶ 7). Rather, that hotel is merely a licensee of Holiday Hospitality Franchising, LLC (*id.* ¶¶ 5– 7). It is *not*, as Valentine falsely contends, an IHGR "regular place of business."

Moreover, IHGR is a legally and factually separate company, distinct from both Six Continents and Holiday Hospitality Franchising, LLC (Cahill Decl. ¶ 8). Six Continents' subsidiaries, including the named defendant here, maintain their own independent corporate, partnership, or limited liability company status, identity, and structure (*id.*). Put differently, IHGR has nothing to do with the license that Holiday Hospitality Franchising, LLC provided to the Holiday Inn Express & Suites hotel in Marshall, Texas (*see id.* ¶¶ 6–7 & 10).

## II.     IHGR does not make, use, sell, offer for sale, or import the IHG Mobile App.

Just as IHGR is not connected with Marshall, Texas, it also has no involvement with the IHG Mobile App accused of infringing the claims of two patents. Valentine alleges that IHGR, again "[u]pon information and belief," infringes two of its patents by "making, using, importing, selling and/or offering for sale products or services through the Accused Instrumentality in a manner covered by one or more claims" of those patents (Am. Compl. ¶¶ 10–11 & 18–19). The

IHG Mobile App, however, is owned, made, operated, and maintained by Six Continents—*not* IHGR (Cahill Decl. ¶ 13). IHGR does not make, use, sell, offer for sale, import, finance, support, maintain, or have anything to do with the IHG Mobile App (*id.* ¶¶ 11–12).

### III.  The IHG Mobile App is designed, developed, and managed in Georgia.

Even if IHGR were involved with the IHG Mobile App (it is not), the software development and application construction for that App is conducted in Atlanta, Georgia, in the Northern District of Georgia (Cahill Decl. ¶ 14). None of this work is or was performed in Texas (*id.*). The product management team and engineers who design, develop, and manage the IHG Mobile App work in Atlanta, Georgia (*id.* ¶ 15). None work in Texas (*id.*). Further, the documentation relating to the development and management of the IHG Mobile App is located at Six Continents' principal place of business in Georgia (*id.* ¶ 16). No documents relating to the development of the IHG Mobile App are located in Texas (*id.*). Indeed, Six Continents does not employ any person in Texas who would have material information about the development, operation, or management of the IHG Mobile App (*id.* ¶ 17). Instead, the witnesses who will likely be called to testify about the IHG Mobile App are located in Georgia (*id.* ¶ 18).

### ARGUMENT

### I.  Valentine's Complaint should be dismissed for improper venue.

Under 28 U.S.C. § 1406(a), dismissal or transfer is mandatory where venue is improper: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 35 U.S.C. § 1406(a). To establish proper venue, the plaintiff must show that the defendant either (i) resides in this District or (ii) has a regular and established place of business and has committed acts of infringement in this District. 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1520–21 (2017). As the Federal

Circuit has noted, one "requirement when determining venue is that the regular and established place of business must be the place *of the defendant*." *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017) (quotations omitted) (emphasis added). For this reason, "a subsidiary's presence in a venue cannot be imputed to a parent unless the corporations disregard their separateness and act as a single enterprise." *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-cv-293, 2017 WL 6452802, at *1 (E.D. Tex. Dec. 18, 2017).

Although the Fifth Circuit has not explicitly ruled on the issue, "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, No. 3:17-cv-01076, 2017 WL 6505793, at *3 (N.D. Tex. Nov. 17, 2017); *see also ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 120 (E.D. Tex. 2009). While a plaintiff's uncontroverted, non-conclusory factual allegations are taken as true, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Thompson v. Morgan*, 698 F. App'x 169, 170 (5th Cir. 2017).

Moreover, "in the 12(b)(3) context, the majority of circuit courts, including the Fifth Circuit, accept [facts from the complaint] as true, at least initially." *Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-cv-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017) (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed App'x 612, 615 (5th Cir. 2007). "However, the well-pleaded facts are accepted as true only to the extent that such facts are uncontroverted by a defendant's affidavit." *Id.* (quotations omitted). "Accordingly, when a defendant submits affidavits or evidence controverting specific facts alleged in a plaintiff's complaint, a court is no longer required to accept those controverted facts as true." *Id.*

A.      **IHGR does not reside in this District.**

Valentine's Complaint does not identify facts to support venue in this District under the first prong of § 1400(b). Indeed, IHGR is incorporated in Delaware (Exh. A, Cahill Decl. ¶ 2) and, therefore, does not "reside" in this District for purposes of the first prong of § 1400(b). *TC Heartland*, 137 S. Ct. 1514 at 1520–21.

B.      **Valentine has not alleged that IHGR has a regular and established place of business in this District.**

As for the second prong of § 1400(b), Valentine's Complaint is devoid of facts demonstrating both (i) a regular and established place of business in this District and (ii) acts of infringement in this District. 28 U.S.C. § 1400(b). Accordingly, Valentine's Complaint should be dismissed pursuant to 28 U.S.C. § 1406(a).

1.      **Venue is improper as to IHGR because the hotel licensing the Holiday Inn Express & Suites brand name is not IHGR.**

Valentine has not alleged any facts that would establish venue in this District for IHGR. The only allegation from the Complaint that touches on venue states

> On information and belief, Defendant has transacted business in this district, has committed acts of patent infringement in this district and has at least one regular place of business in this district, e.g., Holiday Inn Express & Suites, 500 I-20, Marshall, TX 75672.

(Am. Compl. ¶ 5.)

Valentine's conclusory statement mistakenly conflates IHGR with the independently owned third-party hotel located at 500 I-20, Marshall, TX—an independent franchisee that licenses the "Holiday Inn Express & Suites" brand name (Cahill Decl. ¶¶ 5–7). Moreover, it is not IHGR that licenses the third-party hotel but, instead, another company that is not a defendant, Holiday Hospitality Franchising, LLC (*id.* ¶¶ 5–7 & 10). IHGR has nothing to do with the licensee-licensor relationship between that hotel and Holiday Hospitality Franchising, LLC (*id.*). Plus, IHGR and

Holiday Hospitality Franchising, LLC are distinct entities that maintain their own separate formal and legal corporate status, identity, and structure (*id.* ¶ 8).

Numerous post-*TC Heartland* cases confirm that these facts alone end the inquiry and require dismissal. *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-cv-293, 2017 WL 6452802, at *1–2 (E.D. Tex. Dec. 18, 2017) ("[F]or a regular and established place of business of a subsidiary to be imputed to a corporate relative [for purposes of venue], there must be a lack of formal corporate separateness." (quotations omitted)); *Blue Spike, LLC v. Caterpillar, Inc.*, No. 6:16-cv-01361, 2017 WL 4129321, at *2 (E.D. Tex. Sept. 19, 2017) ("[T]he Court is not persuaded that [plaintiff] has put forth sufficient evidence that [the parent company] and [the subsidiary] acted as a single enterprise such that [the parent company's] presence in this District should be imputed to [the subsidiary] for the purpose of determining venue."); *Symbology Innovations, LLC v. Lego Sys., Inc.*, No. 2:17-cv-86, 2017 WL 4324841, at *10 (E.D. Va. Sept. 28, 2017) ("For the [subsidiary store] to serve as the regular and established place of business permitting venue in this District [for the parent], [the parent and the subsidiary] must lack formal corporate separateness."). Accordingly, even if the licensing activities of Holiday Hospitality Franchising, LLC were relevant to venue, they cannot be imputed to IHGR. Thus, Valentine has not alleged a single fact to show that IHGR has a "regular and established place of business" in this District.

## 2.    Valentine has not established that IHGR has committed an act of infringement in this District.

Valentine's Complaint also fails to establish venue because 28 U.S.C. § 1400(b) requires that the named "defendant" commit "acts of infringement" in this District. 28 U.S.C. § 1400(b). In its Complaint, Valentine alleges

> Upon information and belief, Defendant has been and is now infringing at least claim 18 of the '672 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale products

MOTION TO DISMISS FOR IMPROPER VENUE,
OR IN THE ALTERNATIVE, MOTION TO TRANSFER                                    Page 7

or services through the Accused Instrumentality in a manner covered by one or more claims of the '672 Patent to the injury of Plaintiff.

(Am. Compl. ¶ 11.)

Valentine defines the "Accused Instrumentality" as the "IHG Mobile App" (Am. Compl. ¶ 10). Valentine's conclusory and unsupported factual allegation that IHGR makes, uses, imports, or sells the mobile app is false and should be disregarded. *Thompson v. Morgan*, 698 F. App'x 169, 170 (5th Cir. 2017).

To the contrary, IHGR does not own, operate, provide support for, finance, or have anything to do with the IHG Mobile App (Cahill Decl. ¶¶ 11–12). IHGR does not make, use, sell, offer for sale, or import the IHG Mobile App, and therefore, IHGR cannot infringe the asserted patents under any version of Valentine's infringement theory (*id.* ¶ 12). Instead, the IHG Mobile App is owned and operated by Six Continents (*id.* ¶ 13). As a result, Valentine cannot—and will never—provide any evidence that IHGR has committed an "act of infringement" in this District. In this situation, the proper remedy is to dismiss the case under 28 U.S.C. § 1406, since IHGR has committed no acts of infringement anywhere in the United States.[1]

## II.   In the alternative, this case should be transferred to the Northern District of Georgia under § 1404(a).

In the alternative, IHGR requests that this Court transfer the case to the Northern District of Georgia under § 1404(a) because—even if Valentine could prove venue was proper—venue is clearly more convenient in the Northern District of Georgia, which is home to IHGR and the witnesses and evidence in this case.

---

[1] Though transfer is also a possible remedy under § 1406(a), it is not appropriate under this circumstance since, should the Court find that IHGR has no involvement with the accused mobile app, and thus has not committed acts of infringement anywhere, there is no district court where venue would be appropriate over IHGR.

Under § 1404(a), a district court may transfer a civil action to any district in which it might have been filed "[f]or the convenience of the parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a); *Acoustic Tech., Inc. v. Silver Spring Networks, Inc.*, No. 2:16-cv-831-JRG-RSP, 2017 WL 1133338, at *1 (E.D. Tex. Mar. 27, 2017). Transfer of a case serves the interests of justice if the party seeking a change of venue shows the transferee district to be "clearly more convenient" than the transferor district. *Acoustic Tech.*, 2017 WL 1133338, at *1 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008)). To determine whether a case should be transferred, courts apply a two-prong test. *In re Volkswagen of Am., Inc.*, 545 F.3d at 312.

First, this Court determines whether the case originally could have been brought in the proposed transferee district. *Id.* Once that threshold inquiry is met, this Court then weighs the relative convenience of the transferee and transferor districts based on a number of private and public interest factors. *Id.* at 315. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* at 315. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law." *Id.* The plaintiff's choice of venue is not a factor in this analysis. *Id.* Instead, the plaintiff's choice of venue contributes to the defendant's burden of showing that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* Though the private and public factors guide the transfer analysis, they are not exhaustive or exclusive and no single factor is dispositive. *Id.*

### A. This case could have been brought in the Northern District of Georgia.

As discussed above, an infringement action may be brought in the district where the defendant: (i) resides (i.e. state of incorporation), or (ii) has committed acts of infringement and has a "regular and established place of business." 28 U.S.C. § 1400(b). IHGR maintains a regular and established place of business in Atlanta, Georgia, and the accused mobile app is owned, made, operated, and maintained by Six Continents, which has its principal place of business in Atlanta, Georgia (Exh. A, Cahill Decl. ¶¶ 2–3 & 13–15). Therefore, this case could have been brought in the Northern District of Georgia.

### B. The private interest factors favor transfer to the Northern District of Georgia.

#### 1. The relative ease of access to sources of proof favors transfer.

Because the "the bulk of the relevant evidence usually comes from the accused infringer," the "place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *Deep Green Wireless LLC v. Ooma, Inc.*, No. 2:16-cv-0604-JRG-RSP, 2017 WL 679643, at *2 (E.D. Tex. Feb. 21, 2017). The fact that many documents are now maintained electronically does not change the calculus: "this factor remains a part of the transfer analysis despite technological advances that have lightened the inconvenience of transporting large amounts of documents." *Realtime Data, LLC v. Fujitsu Am., Inc.*, No. 6:16-cv-1035, 2017 WL 772699, at *3 (E.D. Tex. Feb. 28, 2017).

The sources of evidence in this case are more accessible in the Northern District of Georgia than in this District. For example, documentation relating to the development and management of the accused mobile app is located in Georgia (Cahill Decl. ¶ 16). No such evidence is located in Texas (*id.*). Because the vast majority of relevant evidence is located in Georgia and none of the relevant evidence is located in this District, the access of proof factor weighs in favor of transfer.

*See Oyster Optics, LLC v. Coriant Am. Inc.*, No. 2:16-v-1302, 2017 WL 4225202, at *5 (E.D. Tex. Sept. 22, 2017) ("While Ciena's documents are stored digitally on their network and accessible from anywhere, Ciena does not have any documents or other sources of proof within the District.").

### 2.    The cost of attendance for witnesses favors transfer.

The cost of attendance for witnesses is an important consideration in the analysis as "additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004). Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit has established a 100-mile rule, which requires that "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* This case implicates the 100-mile rule because all the individuals who are knowledgeable about the research, design, development, marketing, and sales flowing from operation of the accused mobile app— including the Vice President of Mobile Solutions & Digital Guest Experience, Mr. Keen, the Director of Applications Development and Integration, Mr. Craig, and the Vice President of Global Direct Channels, Mr. Westfall—work in Atlanta, Georgia (approximately 650 miles from this District) (Cahill Decl. ¶ 18; Exh. B, Deane Decl. at Exh. 4). No such knowledgeable individuals reside in Texas (Cahill Decl. ¶ 17). Further, the sole named inventor of both patents, Greg J. Mesaros, resides in Tampa, Florida, which is more than twice as close to the Northern District of Georgia (456 miles) than to this District (957 miles) (Deane Decl. at Exh. 1 (LinkedIn page of Greg Mesaros, CEO & Founder of Triadex Services); *id.* at Exhs. 2–3 (showing eWinWin—the original patent owner—using the tradename Triadex Services); *id.* at Exhs. 4–5 (showing distances

MOTION TO DISMISS FOR IMPROPER VENUE,
OR IN THE ALTERNATIVE, MOTION TO TRANSFER                    Page 11

from Tampa, FL)). Accordingly, trial in Georgia would be far more cost-effective and convenient for these witnesses. This factor weighs in favor of transfer.

### 3.   The availability of compulsory process is neutral.

In the transfer analysis, a district court may also consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *In re Volkswagen of Am., Inc.*, 545 F.3d at 316. Since the only known non-party witness, Mr. Mesaros, does not appear to be under the subpoena power of either this Court or the Northern District of Georgia, this factor is neutral.

### 4.   The judicial economy factor is neutral.

The remaining private interest consideration concerns practical problems related to "judicial economy," including the ease, expense, and expediency of trial. *Id.* at 315. It does not appear that this Court or the Northern District of Georgia have any prior experience with either patents at issue, and there does not appear to be any co-pending cases. Thus, the judicial economy factor is neutral. *See MAZ Encryption Techs., LLC v. Apricorn, Inc.*, No. 6:15-cv-979, 2016 WL 7626179, at *4 (E.D. Tex. Apr. 21, 2016) ("Having no prior experience with the patents-in-suit, or any pending cases that had proceeded substantively at the time of filing . . . [t]his factor is neutral.").

### C.   The public interest favors transfer to the Northern District of Georgia.

#### 1.   The Northern District of Georgia has a local interest in this case.

The public interest in having localized interests decided at home must also be considered in the transfer analysis because "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen AG*, 371 F.3d at 206 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Thus, "local interest may favor

MOTION TO DISMISS FOR IMPROPER VENUE,
OR IN THE ALTERNATIVE, MOTION TO TRANSFER                                            Page 12

transfer when the transferee venue is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community." *Intelligent Automation Design, LLC v. Zimmer Biomet Holdings, Inc.*, No. 5:16-cv-11, 2016 WL 4424967, at *6 (E.D. Tex. July 21, 2016); *see Kranos IP Corp.*, 2017 WL 3704762, at *13 (favoring transfer under this factor where defendant's principal place of business was located in Illinois and the "research, design, and development of the accused helmets occurred in that District"). The Northern District of Georgia has a local interest in this case because (i) IHGR and Six Continents both have principal places of business in Atlanta, Georgia, and (ii) Valentine's infringement allegations call into question the work and reputation of these entities and the individuals who work in Georgia. *See, e.g., In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (transferee district's local interest is strong because case "calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community"). Moreover, Valentine does not appear to be connected to this District; instead, it is incorporated in Delaware with a principal place of business in Florida (Am. Compl. ¶ 2). This factor favors transfer.

### 2.      The remaining public interest factors are neutral.

The remaining public interest factors are neutral. The administrative difficulties flowing from court congestion "is speculative in nature and cannot alone outweigh the other factors." *See Realtime Data, LLC*, 2017 WL 772699, at *8 (citing *In re Genentech*, 566 F.3d at 1347). With respect to the other two remaining public interest factors—the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws— both courts are familiar with federal patent law and there are no conflict of law issues. Because both the private and public interest factors, on balance, weigh in favor of transfer, this case should be transferred to the Northern District of Georgia.

**CONCLUSION**

Valentine has failed to establish venue in this District, and even if it could, venue is clearly more convenient in the Northern District of Georgia. As a result, IHGR respectfully requests that Valentine's Complaint be dismissed or transferred to the Northern District of Georgia.

Dated: April 2, 2018                    By: */s/ Matthew W. Howell*
                                        Keith E. Broyles
                                        (keith.broyles@alston.com)
                                        Georgia Bar No. 90152
                                        Matthew W. Howell
                                        (matthew.howell@alston.com)
                                        Georgia Bar No. 607080
                                        Michael C. Deane
                                        (michael.deane@alston.com)
                                        Georgia Bar No. 498195
                                        ALSTON & BIRD LLP
                                        One Atlantic Center
                                        1201 West Peachtree Street
                                        Atlanta, Georgia 30309-3424
                                        Tel.: (404) 881-7000
                                        Fax: (404) 881-7777

                                        *Counsel for Defendant*
                                        *InterContinental Hotels Group Resources, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on April 2, 2018, by electronic mail upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

Dated: April 2, 2018

*/s/ Michael C. Deane*
Michael C. Deane

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for InterContinental Hotels Group Resources complied with Local Rule CV-7(h). InterContinental Hotels Group Resources contacted Plaintiff on April 2, 2018, via telephone conference with the following participants: for InterContinental Hotels Group Resources, Inc., Michael C. Deane; for Valentine Communications, LLC, Alex Whitman. On that call, Plaintiff did not take a position on the present motion, but instead instructed Mr. Deane to email another of Valentine's lawyers, Tom Wright. InterContinental Hotels Group Resources attempted to contact Mr. Wright, but was unsuccessful and has not received a subsequent response from Mr. Wright. Mr. Deane stated in an email to Mr. Wright that InterContinental Hotels Group Resources would assume Valentine's position is "opposed" if no such response was received. Thus, Defendant believes there is an open issue for the court to resolve.

Dated: April 2, 2018

> */s/ Michael C. Deane*
> Michael C. Deane